UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Respondent, | ) |
| | ) |
| v. | )   No. 2:13-CR-27 |
| | ) |
| TIMOTHY DUNBAR, | ) |
|     Petitioner. | ) |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 771]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 783]. The motion will be GRANTED in part.

**I. Factual and Procedural Background**

The defendant was convicted of participating in a conspiracy to manufacture at least five grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). He was held accountable for 20 grams of actual methamphetamine, resulting in a base offense level of 28. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an adjusted total offense level of 25. The criminal history category was IV. The guidelines range was 84 to 105 months. The Court imposed an 84-month sentence of imprisonment.[1]

At the time of the entry of his guilty plea, the defendant stipulated to the following facts:

---

[1] The facts are explained in more detail below.

a) Through the testimony of several witnesses, including co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that in the Eastern District of Tennessee and elsewhere, from between January 31, 2011 and March 12, 2013, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to manufacture methamphetamine, a Schedule II controlled substance.

b) The conspiracy involved a network of associates that relied on coordinated efforts to procure methamphetamine precursors and then manufacture methamphetamine. Some of the conspirators' roles consisted primarily of obtaining materials, such as purchasing pseudoephedrine, and funneling the pills to a cook. The cook would consolidate the pills and make the drug utilizing a "shake and bake" manufacturing method.

c) The defendant admits that manufactured methamphetamine in the presence of coconspirators Mark Gardner, Joseph Banner, George Ricky Thomas, Jeffrey Casey, Michael Travis Smith, Carl Daniel Ray, Robert Bennett, Samuel Sanders, Lisa Effler, and others.

d) The defendant admits that he was supplied with equipment and/or precursors which he used to manufacture methamphetamine by co-conspirators Misty Potter a.k.a. Misty Briggs, Samuel Sanders, Donnie Hensley, Brian Smith, and others.

e) The defendant admits that he supplied other methamphetamine cooks including, but not limited to, Joseph Banner, George Ricky Thomas, and Carl Daniel Ray with supplies and/or precursors used to manufacture methamphetamine.

f) The defendant admits to distributing the methamphetamine that he manufactured to coconspirator Samuel Sanders and others.

g) The defendant admits that he taught co-conspirators Spencer Yates, Jeffrey Casey, Michael Travis Smith, and Carl Daniel Ray to make methamphetamine using a "shake and bake" manufacturing method.

h) The defendant admits to purchasing 25 .44 grams of pseudoephedrine which he used himself to manufacture a conservative estimate of 12. 72 grams of actual methamphetamine. Further, the parties agree for the purposes of sentencing that the defendant received between 20 and 40 additional grams of pseudoephedrine from other co-conspirators that he used to manufacture a conservative estimate of an additional 10 to 20 grams

2

of actual methamphetamine. In total, the defendant admits, and the parties agree for the purposes of sentencing, that the defendant manufactured more than 20 grams but less than 35 grams of actual methamphetamine.

i) The defendant further agrees that more than 20 grams but less than 35 grams of actual methamphetamine converts to more than 400 but less than 700 kilograms of marijuana.

[Doc. 175].

## II. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, Cmt. background (noting that a reduction under § 1B1.10 is

3

discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, Cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, Cmt. n. 1(B)(ii)).

The relevant factors here demonstrate that a reduction is appropriate. Although the Statement of Reasons does not indicate that a 5K1.1 motion was granted, the minutes from the sentencing hearing indicated it was. In addition, this Court recollects that it granted the motion. The Court granted a one-level reduction and then sentenced the defendant to the middle of the new range. The Court will use the same sentencing scheme here. As such, with a one level reduction from the revised range, the level is 23. The criminal history category is still IV. That results in a range of 63 to 78 months. The Court will sentence at the middle of this range for a sentence of 70 months.

The Court notes that the defendant asks for an amended sentence of 70 months. However, the defendant reaches this request in a different manner. Nevertheless, the defendant's motion is GRANTED, and his sentence will be reduced to a term of 70 months of imprisonment

4

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE